IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SHERMAN JOHNSON,               )
                               )
                               )
                               )
        Plaintiff,              )
                               )
vs.                            )     Case No. 1:08-CV-00112--DAS
                               )
MICHAEL J. ASTRUE,             )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
        Defendant.              )

## ORDER OF REVERSAL AND REMAND

Before the Court are the Commissioner's motion [doc. 12] and brief [doc. 13] for reversal and remand, the plaintiff's response [doc. 14], and the Commissioner's reply [doc. 15]. Having duly considered the submissions of the parties and the record, the Court is of the opinion that the defendant's motion should be granted.

The Commissioner has moved for a reversal and remand of this case to allow agency staff physicians to further review medical evidence in both the claim before this Court and in a subsequent claim for which the plaintiff was awarded benefits. The plaintiff does not object to reversal and remand, but objects instead to the requested scope of the remand. The plaintiff contends remand should be limited to review of only the medical evidence in the claim before this Court. The plaintiff charges that the Appeals Council violated the Commissioner's own internal procedures when it failed to consider the award of benefits on the subsequent claim before denying his request for review on the claim now before the Court. The plaintiff suggests that the Commissioner should not be given an opportunity to "potentially take away benefits

awarded" on the subsequent claim. Additionally, the plaintiff requests that the remand order specify that the claim be referred to a different ALJ. In support of this request, the plaintiff's attorney cites the number of times the ALJ has failed to reverse his own decisions in cases where the plaintiff's attorney represented the claimant.

The plaintiff has provided no authority in support of his request that the scope of remand be limited to review of the medical evidence in the claim before this Court. Pursuant to the Commissioner's policy SSA-EM-99147, when a claimant who has an application pending before the Appeals Council files a subsequent application for benefits, and that subsequent application is granted during the pendency of the appeal of the initial claim, the new file is to be sent to the Appeals Council to determine if it contains new and material evidence relating to the time period that the ALJ was evaluating the prior claim.[1] Because the Appeals Council's failure to follow its own internal procedures resulted in prejudice to the plaintiff on the claim before this Court, reversal and remand of this case is proper. *See Newton v. Apfel,* 209 F.3d 448, 459 (5th Cir. 2000). *See also Dewhitt v. Barnhart*, No. Civ. A. H-04-3780, 2005 WL 2076259 (S.D. Tex. Aug. 25, 2005). The plaintiff's concern lies with the Appeals Council's authority to possibly vacate the award of benefits on the second claim. However, because the plaintiff has provided the Court with no legal authority supporting his position that this Court should prohibit the Appeals Council from proceeding on remand in accordance with procedures it should have followed initially, the plaintiff's objection is overruled.

Lastly, the plaintiff's request for assignment of a different ALJ on remand is not well-taken, and the same is, therefore, denied.

---

[1] The policy has been implemented through a variety of Program Operations Manual System provisions such as SSA POMS DI 12045.027, 2001 WL 1932370; SSA POMS DI 20101.25, 2002 WL 1878621; and SSA POMS SI 04040.025, 2002 WL 1879213.

**THEREFORE**, on motion of Michael J. Astrue, Commissioner of the Social Security Administration, and pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this Court hereby reverses the Commissioner's decision and remands the plaintiff's claim for further consideration.

On remand, the Appeals Council will request its medical support staff physicians to review and comment on the medical evidence in both the pending court case and the subsequent claim filed on February 7, 2007. Then, the Appeals Council will remand the case to an ALJ for appropriate action.

The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED** this the 25th day of November, 2008.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE